IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHNATHAN LEE X SMITH,

    Petitioner,

v.                                            Civil Action No. **3:08CV40**

**ROBERT F. MCDONNELL,**

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Order entered on May 21, 2008, the Court informed Petitioner that it would consider granting a stay and abeyance of his federal habeas petition while his state habeas petition was pending, if Petitioner demonstrated "good cause" existed for his failure to complete exhaustion of his claims in state court. Thereafter, Petitioner filed a response. In his response, Petitioner insists that the claims raised in his federal habeas petition have all been exhausted because they were raised on direct appeal to the Supreme Court of Virginia. Petitioner is incorrect. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, even when a petitioner has technically exhausted his claims by raising them on direct appeal, when those same claims are currently pending in a state habeas petition, the petitioner is considered to "still ha[ve] a potential remedy available in state court with regard to th[o]se claims." *Pipes v. McBride*, No. 2:05cv58, 2007 WL 2819657, at *9 (N.D. W. Va. Jan. 17, 2007).

Petitioner's ineffective assistance of counsel claim is currently pending in a state habeas petition[1] and therefore is unexhausted. *Id.*; 28 U.S.C. § 2254(c).

Petitioner further asserts that this Court should consider all of his claims on the merits because "[t]he pendency of [his] state habeas corpus [petition] . . . does not toll the running of the statute of limitations." (Petr.'s Response to Show Cause Mem. Order. ¶ 6.) Petitioner is incorrect. Pursuant to 28 U.S.C. § 2244(d)(2), the federal limitations period is tolled during the pendency of Petitioner's state collateral proceedings. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir.), *cert. denied*, 76 U.S.L.W. 3635 (2008).

In *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the United States Supreme Court held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims. However, the stay and abeyance procedure set out in *Rhines* is applicable only when a dismissal without prejudice falls close to or after the one-year limitations period for filing a federal habeas petition has expired. *Pipes*, 2007 WL 2819657, at *10 (*citing Rhines*, 544 U.S. at 277-78); *Thomas v. Johnson*, No. 2:06cv67, 2006 WL 3827500, at *3-4 (E.D. Va. Dec. 28, 2006). Therefore, "when a petitioner has more than adequate time in which to file his federal habeas petition, a dismissal without prejudice will not 'unreasonably impair the petitioner's right to obtain federal relief.'" *Pipes*, 2007 WL 2819657, at *10 (*quoting Rhines*, 544 U.S. at 277-78). Under 28 U.S.C. § 2244(d)(1), Petitioner would have one year from the date on which his conviction became final to timely file a petition for writ of habeas corpus in federal court.

---

[1] Petitioner acknowledges that he has a state habeas petition currently pending before the Supreme Court of Virginia. (Petr.'s May 12, 2008 Ltr. at 2; Petr.'s Response to Show Cause Mem. Order. ¶ 6.)

2

Having reviewed the procedural history of Petitioner's case, the Court finds application of the stay and abeyance procedure is not warranted.

In this case, the Supreme Court of Virginia refused Petitioner's petition for appeal on September 24, 2007. Because Petitioner did not file a writ of petition for certiorari with the United States Supreme Court, his conviction and sentence became final when the time for doing so expired, on December 23, 2007. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner currently has a state habeas petition pending before the Supreme Court of Virginia. The one-year statute of limitations period is now tolled during the pendency of Petitioner's pending state habeas proceedings. Thus, it appears that Petitioner will have ample time to prepare and re-file his federal habeas petition upon conclusion of his state habeas proceedings. *Rhines* is therefore inapplicable and Petitioner is not entitled to a stay and abeyance of his claims.[2] The instant federal habeas petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-25-08
Richmond, Virginia

---

[2] The Court also notes that a stay and abeyance would be inappropriate under these circumstances because Petitioner has not provided good cause for failing to exhaust his ineffective assistance of counsel claim in state court.

3